FILED

9/9/2022

Clerk, U.S. District Court
District of Montana
Billings Division

Robert J. Phillips
Luc L. Brodhead
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
rjphillips@garlington.com
llbrodhead@garlington.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | CV-__22-97-BLG-SPW-TJV____ |
| Plaintiff, | |
| v. | COMPLAINT FOR DECLARATORY JUDGMENT |
| MONTANA LAND CACHE, INC., WESLEY J. PROUSE, DONALD SCHLOTTER, JASMIN SCHLOTTER, AND DOES 1 through 10. | |
| Defendants. | |

Nautilus Insurance Company ("Nautilus"), by and through counsel of record,

Garlington, Lohn & Robinson, PLLP, brings this Declaratory Judgment Action

under 28 U.S.C. § 2201 alleging as follows:

## PARTIES

1.     Nautilus is an insurance company licensed to do business in Montana. Nautilus is organized under the laws of Arizona with its principal place of business located in Scottsdale, Arizona.

2.     Upon information and belief, Montana Land Cache, Inc. ("MLC") is organized under the laws of Montana with its principal place of business located in Shepherd, Montana and does business as Delta Construction Systems.

3.     Upon information and belief, Wesley J. Prouse ("Prouse") is a citizen and resident of Montana and is the principal of MLC.

4.     Upon information and belief, Donald Schlotter and Jasmin Schlotter (the "Schlotters") are both are citizens and residents of Montana.

5.     Nautilus names the Schlotters as Defendants in this action to ensure that they are bound by the declaration sought herein. If the Schlotters stipulate and agree to be bound by any declaration arising out of this action, then Nautilus will agree to dismiss the Schlotters from this action.

## JURISDICTION

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. For purposes of diversity jurisdiction, Plaintiff is domiciled in and is a citizen of Arizona. Defendants are domiciled in and are citizens of Montana.

8.     The amount in controversy exceeds $75,000 exclusive of interest and

costs since the Schlotters seek recovery against MLC and Prouse (the "Insureds")

for sums in excess of that amount.

## VENUE

9.     Venue is proper in the Billings Division of the District of Montana,

under 28 U.S.C. § 1391(b)(2), and Local Rules 3.2(b) and 1.2(c)(1), because a

substantial part of the events or omissions giving rise to this claim occurred within

Yellowstone County, Montana.

## GENERAL ALLEGATIONS

### The Policies

10.     Nautilus issued to MLC commercial general liability policy numbers

NN1075095 (12/09/2019 - 12/09/2020) and NN1233440 (03/08/2021 -

03/08/2022) (the "Policies"). Certified copies of the Policies are attached as

Exhibits A and B, respectively.

11.     The subject of this action is the parties' rights and obligations under

the Policies, including whether there is a duty to defend or indemnify a civil

lawsuit filed by the Schlotters against MLC and Prouse ("the Insureds").

**The Underlying Action**

12.     On July 23, 2019, the Schlotters filed a lawsuit styled *Donald and Jasmin Schlotter vs. Montana Land Cache, Inc. d/b/a Delta Construction Systems, Wesley J. Prouse,* in the Montana Thirteenth Judicial District Court, Yellowstone County, Cause No. DV 19-1024 (the "Underlying Action"). A copy of the complaint is attached as Exhibit C.

13.     The Underlying Action alleges that, on December 12, 2017, the Schlotter purchased a home located at 7531 Lena Kay Drive, Shepherd, Montana ("the Property").  The Schlotter's allege that they purchased the home from MLC, who they allege constructed the dwelling and developed the encompassing subdivision.  Ex. C ¶¶ 8-10.

14.     The Underlying Action alleges that, shortly after purchasing the Property, the Schlotters discovered various defects.  The defects alleged are cracks in the sheetrock, doors not closing right, moisture in the garage, roof separation, moisture in the home through the doors and windows, the driveway crumbling and electrical issues.  Ex. C. ¶¶ 12-13, 21.

15.     The Underlying Action alleges that the Schlotters notified Prouse, who went to their home to address the problems, and that Prouse, as an individual, owner and representative of his companies allegedly performed some repairs, but

that the home continued to have problems, which Prouse and MLC allegedly failed to address. Ex. C. ¶¶ 14-17.

16.     The Underlying Action alleges that the Schlotters sent MLC and Prouse a certified letter dated February 13, 2019, putting them on formal written notice of the problems with their home pursuant to Mont. Code Ann. §70-19-427. Ex. C. ¶ 19.

17.     The Underlying Action alleges seven counts, including: negligence; nuisance; violation of the Montana Consumer Protection Act; Fraud; Constructive Fraud; Breach of Contract; and Breach of Covenant of Good Faith and Fair Dealing. Ex. C. ¶¶ 23-78.

18.     The Underlying Action seeks judgment for *inter alia* actual damages, emotional distress damages, punitive damages, attorney's fees, costs, and interest. Ex. C. page 10.

19.     By letter dated October 13, 2021, Nautilus agreed to defend the Insureds from the Underlying Action subject to a reservation of rights.

### Coverage

20.     Given the allegations in the Underlying Action, Nautilus had and has no duty under the Policies to defend or indemnify the Insureds in the Underlying Action for the following reasons:

(i).     The Insuring Agreements of the Policies state, in pertinent part:

b.      *This insurance applies to "bodily injury" and "property damage" only if:*

        *...*

      (2)     *The "bodily injury" or "property damage" occurs during the policy period; and*

      (3)     *Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

c.      *"Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation,*

> change or resumption of that "bodily injury" or "property damage"
> after the end of the policy period.
>
> d.    "Bodily injury" or "property damage" will be deemed to have been
> known to have occurred at the earliest time when any insured listed
> under Paragraph 1. of Section II – Who Is An Insured or any
> "employee" authorized by you to give or receive notice of an
> "occurrence" or claim:
>
> (1)    Reports all, or any part, of the "bodily injury" or "property
> damage" to us or any other insurer;
>
> (2)    Receives a written or verbal demand or claim for damages
> because of the "bodily injury" or "property damage"; or
>
> (3)    Becomes aware by any other means that "bodily injury" or
> "property damage" has occurred or has begun to occur.

In this regard, the Schlotters purchased the Property on December 12, 2017 and allege having thereafter notified Prouse of cracking sheetrock, doors not closing correctly, and other issues they had discovered shortly after the purchase. The Schlotters allege having provided the Insureds with formal notice of their alleged claims and damages by letter dated February 13, 2019, and the complaint in the Underlying Action was filed on July 23, 2019, all of which occurred before

either of the Policies incepted.  As such, the Underlying Action is not covered under the Policies.

(ii).    The Policies contain endorsement L342 (09/16), "Exclusion - Continuous Or Progressive Damage", which states:.

*The following exclusion is added to 2. Exclusions of Coverage A – Bodily Injury And Property Damage Liability:*

1. *This insurance does not apply to "property damage":*

    a. *That first occurs, or is alleged to first occur, prior to the effective date of this policy: or*

    b. *That first occurs, or is alleged to first occur, prior to the effective date of this policy and continue during this policy period.*

2. *We will have no duty to defend any insured against any loss, claim, "suit" or other proceeding seeking damages for "property damage" to which this endorsement applies.*

*All other terms and conditions of this policy remain unchanged.*

In this regard, the Schlotters purchased the Property on December 12, 2017 and allege having thereafter notified Prouse of cracking sheetrock, doors not closing correctly, and other issues they had discovered shortly after the purchase. The Schlotters allege having provided the Insureds with formal notice of their

alleged claims and damages by letter dated February 13, 2019, and the complaint
in the Underlying Action was filed on July 23, 2019, all of which occurred before
either of the Policies incepted.  As such, the Underlying Action is not covered
under the Policies.

(iii).   The Schlotters' claims for emotional distress, nuisance,
violation of the Mt. Consumer Protection Act, fraud, constructive fraud, breach of
contract and breach of covenant of good faith and fair dealing do not constitute a
claim for "bodily injury" or "property damage" caused by an "occurrence" as those
terms are defined by the Policies:

3. *"Bodily injury" means bodily injury, sickness or disease sustained by
a person, including death resulting from any of these at any time.*

13. *"Occurrence" means an accident, including continuous or repeated
exposure to substantially the same general harmful conditions.*

17. *"Property damage" means:*

a. *Physical injury to tangible property, including all resulting loss
of use of that property. All such loss of use shall be deemed to
occur at the time of the physical injury that caused it; or*

b. *Loss of use of tangible property that is not physically injured.
All such loss of use shall be deemed to occur at the time of the
"occurrence" that caused it.*

(iv)    The Policies' exclusions for Damage to Property, Damage to Your Work, and Damage to Impaired Property Or Property Not Physically Injured exclude coverage for the "property damage" alleged in the Underlying Action. Those exclusions provide as follows:

2.    *Exclusions*

*This insurance does not apply to:*

j.    *Damage to Property*

*"Property damage" to:*

(5)    *That particular part of a real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations;*

l.    *Damage to Your Work*

*"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".*

m.    *Damage to Impaired Property Or Property Not Physically Injured*

*"Property damage" to "impaired property" or property that has not been physically injured, arising out of:*

   *(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*

   *(2) A delay or failure by you or anyone acting or your behalf to perform a contract or agreement in accordance with its terms.*

*The Policies contain the following pertinent definitions:*

8. *"Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:*

  *a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or*

  *b. You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.*

16. *"Products-completed operations hazard":*

  *a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:*

   *(1) Products that are still in your physical possession; or*

(2)     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

       (a)     When all of the work called for in your contract has been completed.

       (b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

       (c)     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

22.     "Your work":

    a.     Means:

       (1)     Work or operations performed by you or on your behalf; and

> (2)     *Materials, parts or equipment furnished in connection with such work or operations.*

The Schlotters allege various property damage to the Property arising out of MLC and Prouse's allegedly deficient work.  As such, the Underlying Action is not covered under the Policies.

> (v)     The Policies' exclusion for Punitive Or Exemplary Damages, and Montana law, exclude coverage for the punitive damages claimed in the Underlying Action.  That exclusion provides as follows:

> *This insurance does not apply to punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in a similar behavior.*

The Schlotters claim entitlement to punitive damages in the Underlying Action.  Such claims are not covered under the Policies and are excluded from coverage by law pursuant to Montana Code Annotated § 33-15-317.

20.     Based on 28 U.S.C. § 2201 and the provisions of the Policy, Nautilus seeks a determination from the Court that Nautilus had and has no duty to defend and/or indemnify MLC and/or Prouse in the Underlying Action under the Policies.

**RELIEF REQUESTED**

Nautilus requests that this Court enter judgment and issue a declaration:

1.      That Nautilus had and has no obligation under the Policies to defend or indemnify MLC and/or Prouse in the Underlying Action.

2.      That Nautilus has no obligation to make any payments under the Policies as a result of the Underlying Action.

3.      That the parties are bound to the terms of any declaration and order issued by this Court; and

4.      For such other and further relief as the court will allow.

DATED this 9th day of September, 2022.

/s/  Robert J. Phillips
Attorneys for Plaintiff